# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PHILLIP HUDSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 13-1020-CV-W-DW-P ) |
| TERRY RUSSELL, | ) ) |
| Respondent. | |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Northeast Correctional Center in Bowling Green, Missouri, has filed pro se this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2006 conviction and sentence for unlawful use of a weapon. On post-conviction review, the Missouri courts overturned petitioner's additional conviction for first degree tampering of a motor vehicle, and the Jackson County, Missouri, prosecutor's office filed a nolli prosequi dismissing that charge. Resp. Ex. M. Petitioner raises twelve[1] (12) grounds for relief: eight grounds of ineffective assistance of counsel (Grounds 3, 4, 6, 8, 9, 10, 12, and 13), and four grounds of trial court error (Grounds 1, 2, 7, and 11). Respondent contends that: (1) Grounds 3, 4, 6, 7, 10, 11, 12, and 13 are procedurally defaulted; (2) Grounds 1 and 2 are not cognizable in federal court; (3) Grounds 6, 7, 9, part of 11, and 13 should be denied as moot; and (4) Ground 8 is without merit. Doc. No. 15.

## FACTUAL BACKGROUND

In affirming the judgment of conviction and sentence of the state circuit court, the

---

[1] Petitioner purports to raise thirteen claims for relief. Doc. 5, p. 1. However, petitioner does not attach a claim five.

Missouri Court of Appeals, Western District, set forth the following facts:

> In the early morning hours of June 28, 2005, a Kansas City police officer noticed two individuals in a tan-colored Cadillac in a parking lot of a Jiffy Lube. As the officer attempted to pull behind the car to examine its license plates, the car drove away and then failed to stop at a red light. The officer followed the vehicle and activated the overhead lights on his patrol car. After the Cadillac came to a stop, the officer exited his patrol car and started to approach the Cadillac. Upon his approach, the officer noticed movement on the driver's side of the vehicle and then heard a gunshot. The officer took cover and shot at the Cadillac which then sped away. Police found the vehicle, still running but unoccupied, a few blocks away. At the scene where the Cadillac was found, gloves were collected from inside the car. Additionally, three face masks and other gloves and hats were found near the car and in the vicinity of the shooting.
>
> Soon after the shooting, police located a man by the name of Marlon Williams. Williams advised police that he had been a passenger in the Cadillac and that the driver, [petitioner], had shot at police. Williams testified at trial that he and [petitioner] were preparing to rob a gas station when the police officer pulled up behind them.
>
> When [petitioner] was eventually located, he admitted to police that he was the driver of the Cadillac. He denied shooting at police, however, and stated that the gun went off accidentally when he attempted to throw it out the window. He told police that he and Williams were in the Cadillac planning to rob a store when the police car pulled up behind them. This evidence was admitted at trial.
>
> On October, 20, 2006, a jury found [petitioner] guilty of unlawful use of a weapon and tampering in the second degree. This court affirmed [petitioner]'s convictions and sentences on direct appeal in State v. Hudson, 277 S.W.3d 281 (Mo. App. 2008). [Petitioner] prematurely filed a pro se Rule 29.15 motion on August 15, 2007, and the circuit court suspended the case until the direct appeal was concluded. Appointed counsel timely filed an amended Rule 29.15 motion on June 23, 2009, raising numerous claims. An evidentiary hearing was held on both January 27, 2011 and March 7, 2011. On October 5, 2011, the circuit court sustained [petitioner]'s post-conviction claim that counsel was ineffective for failing to object to hearsay that prejudiced him with regard to the tampering charge. The court vacated the tampering conviction and set the case for new trial. The court denied post-conviction relief as to [petitioner]'s conviction for unlawful use of a weapon.

Respondent's Exhibit L, pp. 3-4.

Before the state court findings may be set aside, a federal court must conclude that the

state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## PROCEDURAL DEFAULT

Respondent contends that Grounds 3, 4, 6, 7, 10, 11, 12, and 13 are procedurally defaulted because petitioner failed to raise the claims on either direct appeal or in his Rule 29.15 motion. Doc. No. 15, pp. 6, 15-16. In reply, petitioner states that his petition "does not contain any obviously unexhausted claims." Doc. No. 18, p. 1.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim." Barrett v. Acevedo, 169 F.3d 1155 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim

---

[2]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

would now find it procedurally barred, there is a procedural default." Sloan at 1381.

Petitioner raised only Grounds 1 and 2 on direct appeal. Resp. Ex. G, p. 5, 6-7. Petitioner additionally raised Grounds 3, 8, and 9 in his appeal from the denial of his Rule 29.15 motion. Resp. Ex. L, p. 2. However, Ground 3 was not properly preserved for appeal because petitioner failed to raise Ground 3 in his Rule 29.15 motion, and raised it only on appeal from the denial of the motion. Resp. Ex. L, p. 5. As such, Grounds 3, 4, 6, 7, 10, 11, 12, and 13 are procedurally defaulted. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner contends that his petitioner for habeas corpus "does not contain any obviously unexhausted claims." Doc. No. 18, p. 1. Petitioner further claims that he sought relief for Grounds 4, 7, 10, 11, 12, and 13 in state courts. Doc. No. 28, p. 3. The record, however, shows that the only grounds fully and properly exhausted in state courts were Grounds 1, 2, 8, and 9. Resp. Ex. G, pp. 5, 6-7; Resp. Ex. L, p. 2. As such, petitioner's conclusory statements that his claims were not procedurally defaulted do not demonstrate cause for the default or actual prejudice. See Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) ("petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified").

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his

4

defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). As a result, Grounds 3, 4, 6, 7, 10, 11, 12, and 13 will be dismissed.

## GROUND 1

In Ground 1, petitioner claims that the trial court erred by submitting a verdict director that did not require the jury to find all the essential elements of the crime. Doc. No. 1, p. 5. Respondent contends that Ground 1 is not cognizable in federal court because the ground was not preserved for appellate review and that the Missouri Court of Appeal's review of the claim for plain error did not cure the default. Alternatively, respondent argues that Ground 1 is without merit. Doc. No. 15, pp. 9-11.

Currently, there is a split within the Eighth Circuit with respect to plain error review and procedural bar. One line of cases stands for the proposition that "a properly limited plain error review by a state court does not cure a procedural default." See, e.g., Toney v. Gammon, 79 F.3d 693, 699 (8th Cir. 1996). Another line of cases holds that, when a state court conducts a plain error review, the federal courts may also review for plain error. See, e.g., Hornbuckle v. Groose, 106 F.3d 253, 257 (8th Cir. 1997), cert. denied 522 U.S. 873 (1997); Sweet v. Delo, 125 F.3d 1144, 1152 (8th Cir. 1997); cert. denied, 523 U.S. 1010 (1998).

The Eighth Circuit Court of Appeals, ruling en banc, recently proclaimed that a panel may not choose among conflicting prior decisions but must follow the earliest decision. Mader v. United States, 654 F.3d 794, (2011) (en banc). In Mader, the court said "that when faced with

conflicting panel opinions, the earliest opinion must be followed 'as it should have controlled the subsequent panels that created the conflict.' T.L. ex rel. Ingram v. United States, 443 F.3d 956, 960 (8th Cir. 2006)."

The earliest decision made by the Eighth Circuit concluded that a habeas petitioner is not entitled to an independent determination by a federal habeas court after plain error review by a state court. Hayes v. Lockhart, 766 F.2d 1247, 1252-53 (8th Cir. 1985) (stating that because the burden of justifying federal habeas relief for state prisoners is greater than the plain error showing required on direct appeal, petitioner was not entitled to a determination by federal habeas court on whether the giving of a jury instruction was "plain error"). As such, Ground 1 is procedurally defaulted.

Alternatively, the Missouri Court of Appeals' decision that Ground 1 did not rise to the level of plain error is reasonable and entitled to deference:

> However, [t]he failure of a verdict-directing instruction to contain an essential element of the offense does not rise to the level of plain error if the record establishes the existence of the missing element beyond serious dispute." State v. Michael, 234 S.W.3d 542, 553 (Mo. App. E.D. 2007) (internal quotation omitted). The bullet hole found in the door frame of the car clearly reflects that the gun was shot in the direction of Sergeant Kelly. Williams testified that [petitioner] took the handgun from his waist, reached around, and shot at the police officer. Degrate testified that [petitioner] told her that he had shot at a police officer. While evidence was introduced that in one of the stories that [petitioner] told the police he claimed to have been trying to throw the gun out the window when it accidentally discharged, [petitioner]'s defense at trial was to challenge the credibility of the witnesses, to claim that he was coerced into confessing, and to assert that Williams was the individual in the driver's seat that shot at Sergeant Kelly. Indeed, during closing argument, [petitioner]'s counsel objected to the State arguing that the shooting could not have been accidental, stating that [petitioner] was not making any claim that the shooting was accidental. Furthermore, a videotape of the shooting, filmed from the police cruiser, was admitted into evidence at trial. [Petitioner] has failed to provide this court with a copy of that exhibit. Without having this exhibit to review, this court must presume that its contents would be unfavorable to his claim on appeal. State v. Ramires, 152 S.W.3d 385, 406 (Mo. App. W.D. 2004).

> The fact that the gun was fired at Sergeant Kelly was not disputed at trial, and this element of the crime was established beyond any serious dispute. [Petitioner] has failed to establish any manifest injustice or miscarriage of justice resulting from the submission of the erroneous verdict director. Point denied.

Resp. Ex. G, p. 5–7.

A claim that the instructions given by the trial court were erroneous under state law does not allege a violation of federal constitutional rights and, therefore, does not support habeas relief. Engle v. Isaac 456 U.S. 107 (1982). Further, a review of the record does not demonstrate that "there was 'a reasonable likelihood' that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009). Petitioner has failed to show that the Missouri Court of Appeals' decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," see 28 U.C.S. § 2254(d)(1) and (2). Ground 1 will be denied.

## GROUND 2

In Ground 2, petitioner claims that the trial court erred in interpreting a Missouri state criminal statute. Doc. No. 1, p. 7. Specifically, petitioner contends that the Missouri Court of Appeals was incorrectly interpreting the word "from" in the statute. Doc. No. 1, p. 7; Resp. Ex. G, p. 8. Respondent contends that Ground 2 is not cognizable because it does not state a federal constitutional claim.

The interpretation of Missouri statutes is purely an issue of state law which fails to state a federal habeas corpus claim. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("'federal habeas corpus relief does not lie for errors of state law'"). By arguing that a Missouri criminal statute was

7

misinterpreted, petitioner presents an issue of state law, which the state courts specifically have rejected as without merit. A federal court is bound by a state court's interpretation of state law in federal habeas corpus proceedings unless petitioner's conviction violates the United States Constitution or federal law. Estelle v. McGuire, supra; Sweet v. Delo, 125 F.3d 1144, 1153 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998). Petitioner has not set forth a cognizable claim of a federal constitutional violation. Petitioner's Ground 2, therefore, is not cognizable and will be denied.

## MOOTED CLAIMS

Grounds 6, 7, 9, part of 11, and 13 are all claims of trial court error or ineffective assistance of counsel pertaining to petitioner's conviction of first degree tampering of a motor vehicle. Doc. No. 1, pp. 17, 19, 23, 25. The conviction, however, was overturned by the Missouri Court of Appeals and dismissed by the Jackson County, Missouri, prosecutor's office. Resp. Ex. M. As petitioner is no longer convicted of first degree tampering of a motor vehicle, federal habeas relief related to the overturned conviction and sentence is inappropriate. Grounds 6, 7, 9, part of 11, and 13 will be denied as moot.

## GROUND 8

In Ground 8, petitioner raises a claim of ineffective assistance of direct appeal counsel. Doc. No. 1, p. 21. Petitioner complains that appellate counsel failed to bring a claim that certain evidence as to petitioner's intent to commit a crime that was uncharged was improperly admitted at trial. Id. Respondent contends that Ground 8 is without merit.

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of

reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

The Missouri Court of Appeals found that counsel's performance was not deficient because the claim that petitioner asserts that counsel should have raised was without merit. The Missouri Court of Appeals dismissed ground 8 as follows:

> In [petitioner]'s second point on appeal, he contends that the circuit court clearly erred in denying his Rule 29.15 motion because the record leaves a definite and firm impression that he was denied effective assistance of appellate counsel because appellate counsel failed to appeal the court's admittance of prejudicial evidence at trial that, shortly before [petitioner] committed the charged offense, he planned to commit a robbery and masks and gloves were found in and near the vehicle he was allegedly driving. We disagree.
>
> At trial, the circuit court admitted, over [petitioner]'s objection, evidence that just prior to the shooting, [petitioner] was looking for a place to rob. At [petitioner]'s trial, Marlon Williams testified to being a passenger in a Cadillac with [petitioner] on June 28, 2005. Williams testified that, just prior to [petitioner] shooting at police, the duo pulled into a parking lot because [petitioner] was considering robbing a nearby gas station. He testified that, as the two were sitting in the parking lot, a police officer pulled up behind them. The two then exited the parking lot and pulled around the corner where police pulled them over.

Williams testified that, as the police walked to their car, [petitioner] shot a gun at the police. Kansas City Police Detective, Mike Jones, also testified at [petitioner]'s trial. Jones testified that when he interviewed [petitioner] regarding the shooting, [petitioner] told him that he was in a Cadillac with Marlon Williams when the two pulled into the parking lot of a Jiffy Lube with the intent to rob a nearby Phillips 66. [Petitioner] stated that when they realized they had been spotted by police, they sped away and made a right hand turn. Shortly thereafter, police pulled their vehicle over and as a police officer approached, [petitioner] tried to throw his gun out the window and his finger got stuck in the trigger and then gun accidentally fired. Additional evidence at trial included testimony that face masks, gloves, and hats were found near the Cadillac and in the vicinity of the shooting.

As a general rule, evidence of uncharged crimes is inadmissible to suggest a propensity to commit other crimes. State v. Primm, 347 S.W.3d 66, 70 (Mo. banc 2011). However, such evidence may be admissible if it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime on trial. Id. "In addition, evidence of uncharged crimes that are part of the circumstances or sequence of events surrounding the offense charged may be admissible to present a complete and coherent picture of the events that transpired." Id. (internal citations and quotation omitted).

Here, the evidence regarding [petitioner]'s plan to commit a robbery at the very time his vehicle was pulled over by police and he shot at police, was not only part of the circumstances and sequence of events surrounding the charge that he fired his weapon at police, but also relevant to show motive, intent, and the absence of mistake or accident. Therefore, this evidence was admissible. Consequently, as [petitioner]'s claim that the court erred in allowing this evidence has no merit, [petitioner]'s appellate counsel cannot be deemed ineffective for failing to raise the claim on appeal. See Erickson v. State, 364 S.W.3d 723, 728 (Mo. App. 2012). "Counsel will not be deemed ineffective for failing to raise a nonmeritorious claim." Id. Point two is denied.

Resp. Ex. L, p. 7-9.

The decision of the Missouri Court of Appeals is reasonable and therefore is entitled to deference under § 2254(d). Appellate counsel's decision to abstain from bringing a claim before the court that lacked merit was well within the wide range of reasonable professional assistance. Because the state courts' determinations did not result in "a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," see 28 U.S.C. §2254(d)(1) and (2); Mo. Rev. State § 558.021(1)(3), ground 8 will be denied.

## A CERTIFICATE OF APPEALABILITY WILL BE DENIED

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

  /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  May 8, 2014.